Uprety v. Garland

BIA
Douchy, IJ
A200 179 165

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

ACHYUT CHANDRA UPRETY,
> *Petitioner,*

v.                                                    19-2708
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Ramesh K. Shrestha, New York, NY.

FOR RESPONDENT:             Joseph H. Hunt, Assistant
                            Attorney General; Cindy S.
                            Ferrier, Assistant Director;
                            Genevieve M. Kelly, Attorney,
                            Office of Immigration Litigation,
                            United States Department of
                            Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Achyut Chandra Uprety, a native and citizen of Nepal, seeks review of an August 8, 2019 decision of the BIA affirming a decision of an Immigration Judge ("IJ") that denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and declining to remand for consideration of new evidence. *In re Achyut Chandra Uprety,* No. A200 179 165 (B.I.A. Aug. 8, 2019), *aff'g* No. A200 179 165 (Immig. Ct. N.Y. City Dec. 4, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010) (reviewing factual findings for substantial evidence and questions of law de novo); *Li Yong Cao v. U.S. Dep't of*

*Justice*, 421 F.3d 149, 157 (2d Cir. 2005) (reviewing denial of motion to remand for abuse of discretion).

1. Asylum, Withholding of Removal, and CAT Relief

To establish eligibility for asylum, Uprety was required to show that he suffered past persecution, or that he had a well-founded fear of future persecution, on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i). When a petitioner establishes past persecution, there is a presumption of a well-founded fear of future persecution on the basis of the petitioner's original claim. 8 C.F.R. § 1208.13(b)(1). This presumption may be rebutted if it "is found by a preponderance of the evidence," that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." *Id.* § 1208.13(b)(1)(i)(A); *see also Lecaj*, 616 F.3d at 115. The agency reasonably concluded that, even though Maoists had persecuted Uprety in 2007 on account of his support for the Nepali Congress Party, any presumption of a well-founded fear of future persecution had been rebutted by changed conditions in Nepal.

The agency considered the State Department's Human Rights Reports on Nepal, news articles, and Uprety's personalized evidence and reasonably found as follows: In 2006, the 10-year armed conflict between the Maoist insurgency and the government of Nepal ended when Maoists joined the government. The 2013 elections were fair and free of irregularities. By 2015, the government had promulgated a constitution, which caused political unrest among an ethnic minority group in one region of Nepal. A comparison of the State Department's Human Rights Reports for the decade before Uprety's 2017 hearing shows the extent to which conditions had improved. Maoists committed acts of violence and extortion throughout the year in 2007, while the 2016 report did not report similar acts. Although sporadic acts of violence occurred around elections and the promulgation of the constitution, those acts did not involve Maoists targeting Nepali Congress Party supporters like Uprety. Therefore, the evidence supports the agency's finding that there has been a fundamental change in circumstances since the Maoists assaulted Uprety in 2007. See Lecaj, 616 F.3d at 115–16. Given this fundamental change, Uprety no longer had a well-founded fear of future

4

persecution, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A), and the agency did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate, *see Lecaj*, 616 F.3d at 119–20.

2. <u>Motion to Remand</u>

Nor did the BIA abuse its discretion in denying Uprety's motion to remand on the ground that his new evidence would not change the outcome of his case. *See Li Yong Cao*, 421 F.3d at 156. Similar to the evidence before the IJ, Uprety's evidence on appeal showed sporadic violence surrounding an election and did not show that Maoists targeted similarly situated Nepali Congress Party supporters.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5